# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| DESMOND HARDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:23-CV-12 RHH |
| | ) | |
| PIKE COUNTY SHERIFF DEPT., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Desmond Hardy for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. The Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint, and will deny, at this time, his motion seeking the appointment of counsel.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff filed his motion for leave to proceed *in forma pauperis* without providing a certified copy of his inmate account statement. The Court directed him to submit a copy no later than April 20, 2023. ECF No. 4. On April 17, 2023, the Court received a letter from plaintiff indicating he had been placed in administrative segregation and the institution lost his legal papers. ECF No. 7. In response to this correspondence, the Court provided plaintiff with an extension of time to submit a certified copy of his inmate account statement. ECF No. 8. Plaintiff's response was due on May 10, 2023. To date, plaintiff has yet to submit the statement.

Based upon the information provided in his Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 3, the Court will assess an initial partial filing fee of $1.00, which is an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must provide the Court with a certified inmate account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. At all times relevant to this action, plaintiff appears to have been a pre-trial detainee housed at the Pike County Jail (the "Jail"). Plaintiff brings this action against the Pike County Sheriff's Department, Sheriff Stephen Korte, Office Manager Charlotte Shroeder, and Jail Administrator Corrina Hallbeck. Plaintiff indicates he is suing defendants Korte

and Hallbeck in their official capacities only. He does not indicate what capacity he intends to sue defendant Shroeder.[1]

Plaintiff alleges he was detained at Pike County Jail on or around November 6, 2022. ECF No. 1 at 3. He states that upon his arrival to Cell 8 in C-Pod he "noticed [a] dirty and unsanitary unit," containing "black mold, condensation running down walls and pooling on floors and dirty ventilation covers." *Id.* Plaintiff claims he informed an unidentified officer of his "problematic respitory [sic] problem." *Id.* After a couple of days, plaintiff states he began to experience headaches, runny nose and eyes, shortness of breath, elevated blood pressure, and a rash on hands. *Id.* at 4.  As to each defendant, plaintiff alleges the following, in its entirety:

Charlotte Shroeder
- Failing to maintain proper structure and working procedure of the institution that she was responsible for.
- Never checking the adequate working process of the grievance procedure.

Stephen Korte
- Not maintaining proper clea[n]lines and working order of the Jail where he housed detainees.
- After my constant complaints he still neglected to work towards resolving the said matter.

Corrina Hallbeck
- Violating my access to the whole grievance procedure.
- Violating my 13th Amendment right (as to the Jail was dirty when I got there and I was made to clean it).

*Id.*

Plaintiff attaches three notebook pages to his complaint to provide further details about the alleged conditions. *Id.* at 11-13. He describes in more detail the mold in the shower, dust covering

---

[1] When a plaintiff does not specify whether a defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cnty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997). Thus, the Court will interpret the instant complaint as stating only official capacity claims.

4

the ceiling, black mold covering the walls and ceiling, and "used toilet paper with feces throw[n] against the wall and ceiling." *Id*. Plaintiff states he filed his first grievance about the alleged conditions on January 2, 2023, and "Administration responded that they would provide [him] with cleaning supplies and [he] could do the maintenance [him]self." *Id.* at 12. Plaintiff understood the grievance response to be a violation of his constitutional rights.

For relief, plaintiff seeks $100,000 for each day he was detained in the Jail, $100,000 for the violation of his human rights, and $100,000 for pain and suffering. He further requests that defendants be ordered to receive additional training on "proper civil conduct." *Id.* at 5.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's complaint, the Court concludes it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit an amended complaint.

Plaintiff's claims against defendant Pike County Sheriff's Department are subject to dismissal because it is not an entity subject to suit under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (entities such as sheriff's departments and police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities).

Even if the Court were to construe the complaint as brought against the municipality and substitute it as defendant, the complaint would not state a claim because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978); *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff

"alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). *See also A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under § 1983, a municipality . . . cannot be liable on a respondeat superior theory").

Additionally, plaintiff's official capacity claims against defendants Korte, Shroeder, and Hallbeck fail to state a claim and are legally frivolous. An official capacity suit is a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, an official capacity claim against an individual is actually a claim "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("a "suit against a public employee in his or her official capacity is merely a suit against the public employer"); *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, in order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. Because defendants Korte, Shroeder, and Hallbeck are alleged to be employed by the Jail and as explained above, a jail is not subject to suit under § 1983, plaintiff's official capacity claims fail to state a claim.

Plaintiff has not brought this action against the defendants in their individual capacities. As such, the Court will not review plaintiff's complaint under 28 U.S.C. § 1915 as to whether it can survive initial review against the defendants in their individual capacities. However, in

consideration of plaintiff's self-represented status, the Court will permit him to file an amended complaint.

If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint, and must allege facts connecting each defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see e.g., Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4 (E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). If plaintiff fails to sue defendants in their individual capacities, this action may be dismissed after this Court's review of his amended complaint.

### Amendment Instructions

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court-provided prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All

actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may include additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell*, 909 F.2d at 1208 (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth her claims for relief.

If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

## Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. ECF No. 2. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony,

and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that he has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form in accordance with the instructions stated above within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 2] is **DENIED** at this time without prejudice.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 12th day of May, 2023.

 

 

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE