UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DESMOND HARDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 2:23-CV-12 RHH |
| | ) |
| PIKE COUNTY SHERIFF DEPT., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented plaintiff Desmond Hardy initiated this case on March 14, 2023 pursuant to 42 U.S.C. § 1983 against the Pike County Sheriff's Department, Sheriff Stephen Korte, Office Manager Charlotte Shroeder, and Jail Administrator Corrina Hallbeck in their official capacities.[1] ECF No. 1. Plaintiff alleged he was subject to unsanitary conditions while detained at Pike County Jail. Submitted with the complaint was a motion for leave to proceed *in forma pauperis*. ECF No. 2.

On March 20, 2023, the Court entered an order directing plaintiff to file a certified copy of his inmate account statement for the six-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a)(2). ECF No. 5. Plaintiff's response was due on April 20, 2023. Plaintiff submitted a letter to the Court, received on April 17, 2023, indicating he was in administrative segregation and the institution misplaced his legal papers. ECF No. 7. In consideration of plaintiff's *pro se* status and placement in administrative segregation, the Court,

---

[1] Plaintiff explicitly indicated he was suing defendants Korte and Hallbeck in their official capacities only. He did not indicate what capacity he intended to sue defendant Shroeder. When a plaintiff does not specify whether a defendant is being sued in his individual or official capacity, the court interprets the complaint as including only official-capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

on its own motion, provided him with additional time to comply. ECF No. 8. Plaintiff's response was due on May 10, 2023. Plaintiff did not submit a statement within the time required.

On May 12, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. ECF No. 10. Although plaintiff did not submit his inmate account statement, the Court granted his motion to proceed *in forma pauperis* based on the information provided in his application. The Court then determined his claims against defendants were subject to dismissal. Plaintiff's claims against the Pike's County Sheriff's Department were subject to dismissal because it was not a suable entity, and he did not provide any allegations to support a municipal liability claim. *Id.* at 5-6. As for his official capacity claims against Korte, Shroeder, and Hallbeck, plaintiff failed to assert how their employer was liable for their alleged conduct. *Id.* at 6. The Court explained that a suit against a public employee in his or her official capacity is merely a suit against the public employer. *Id.* Because plaintiff did not bring the instant action against defendants in their individual capacities, the Court did not review any such claims.

In consideration of plaintiff's self-represented status, the Court directed him to file an amended complaint to cure his pleading deficiencies. Plaintiff was mailed the appropriate Court-form and provided specific instructions on how to submit his amendment. He was warned that his failure to timely comply would result in the dismissal of this action without prejudice and without further notice. Plaintiff had thirty (30) days, or until June 12, 2023, to file an amended complaint.

As of the date of this Order, plaintiff has not complied with the Court's directive to amend his complaint, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case would be dismissed if he failed to timely comply, and gave him more than two weeks of additional time to comply before issuing this order.

Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's May 12, 2023 Memorandum and Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so). This dismissal will not count as a "strike" for purposes of 28 U.S.C. § 1915(g).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of June, 2023.

                                             _____
                                             JOHN A. ROSS
                                             UNITED STATES DISTRICT JUDGE